UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CATHERINE MARTINO,

                **Plaintiff,**

                - against -

WESTCHESTER COUNTY DEPT. OF CORRECTIONS, et al.,

                **Defendants.**

OPINION AND ORDER

06 Civ. 9900 (PKC) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On October 17, 2006, plaintiff Catherine Martino ("Martino") commenced this action *pro se* against numerous defendants under 42 U.S.C. § 1983. Pending before the Court is a motion to proceed *in forma pauperis* and an application for appointment of counsel. For the reasons set forth below, Martino's request to proceed *in forma pauperis* is **GRANTED**, and her application for appointment of counsel is **DENIED**.

## II. DISCUSSION

**A.**     **In Forma Pauperis**

Under 28 U.S.C. § 1915, the Court may waive fees associated with the commencement or prosecution of any suit for indigent civil litigants upon submission of an affidavit stating the litigant's assets and demonstrating the inability to pay the costs of litigation. Martino's application to proceed *in forma pauperis* indicates that she is currently incarcerated and unemployed. The Court finds that Martino's application establishes her inability to pay for the prosecution of her case. Therefore, the motion to proceed *in forma pauperis* is **GRANTED**.

**B.     Appointment of Counsel**

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. However, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In determining whether to appoint counsel for an indigent civil litigant, the Court considers numerous factors, and "exercises substantial discretion, subject to the requirement that it be guided by sound legal principles." **Cooper v. A. Sargenti Co.**, 877 F.2d 170, 172 (2d Cir. 1989) (citations omitted). The Court's first inquiry is whether plaintiff can afford to obtain counsel. *See* **Terminate Control Corp. v. Horowitz**, 28 F.3d 1335, 1341 (2d Cir. 1994). If the Court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and "determine whether the indigent's position seems likely to be of substance." **Hodge v. Police Officers**, 802 F.2d 58, 61 (2d Cir. 1986). Once an initial determination has been made as to indigence and merit, the Court has discretion to consider the following factors: 1) the indigent's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; 3) the indigent's ability to present the case; 4) the complexity of the legal issues; and 5) any special reason why appointment of counsel would be more likely to lead to a just determination. **Id**. at 61-62.

The indigence requirement is met insofar as the same factors considered in granting her permission to proceed *in forma pauperis* establish her inability to afford counsel. Martino's complaint alleges various civil rights violations under 42 U.S.C. § 1983. More specifically, she claims that as a result of defendants' deliberate medical indifference to her psychiatric and medical needs, she suffered a stomach condition. In her application for appointment of counsel,

Martino maintains that she lacks the ability to litigate her case. She claims that although she has located several attorneys, it is hard to correspond with them because she has limited phone access and the attorneys are unable to accept collect calls. However, Martino has demonstrated the ability to properly file a complaint setting forth relevant facts, and to utilize the *Pro Se* Office. Her civil rights complaint does not present novel or complex legal issues. After careful review of Martino's application, the Court finds that appointment of counsel is not warranted. Accordingly, Martino's application for counsel is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Martino's request to proceed *in forma pauperis* is **GRANTED**, and her application for appointment of counsel is **DENIED**.

**SO ORDERED this 28th day of March 2007**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**