UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CATHERINE MARTINO,

                                Plaintiff,                          06 Civ. 9900 (PKC)

         -against-

                                                                                   MEMORANDUM
                                                                                     AND ORDER
WESTCHESTER COUNTY DEPARTMENT
OF CORRECTIONS, et. al,

                                Defendants.
------------------------------------------------------------x
P. KEVIN CASTEL, U.S.D.J.

        Plaintiff, proceeding pro se, alleges that she was deprived of medical treatment while detained by the Westchester County Department of Corrections ("WCDOC"), and that the deprivation amounted to a denial of her constitutional rights by persons operating under color of state law. Chief Judge Wood granted in forma pauperis status but directed the plaintiff to submit an amended complaint within sixty days. (Order of October 17, 2006 (the "Order").) The Order pointed out the inadequacy of the allegations against the municipal defendants, i.e., that no Monell-type claim was adequately alleged, and that personal involvement of supervisors, a necessary condition for liability under section 1983, was not adequately alleged. (Order at 2-3.) The Order spelled out the facts plaintiff would need to allege to state any such claim for deliberate indifference to medical needs. (Id. at 3-5.)

        On December 18, 2006, plaintiff filed an amended complaint against WCDOC, Anthony Amicucci, "Warden" of WCDOC, John O'Neill, Assistant Warden, and various John and Jane Doe defendants. Also named as defendants are the Mental Health Department of Westchester County Department of Corrections and the Medical Department Westchester County Department of Corrections. Defendants have moved to dismiss asserting, among other

things, that plaintiff failed to exhaust her available administrative remedies, and has failed to otherwise state a claim against any named defendant.

I.

The amended complaint is set forth on the complaint form for section 1983 cases utilized by the Pro Se Office in this District. The form recites the exhaustion of administrative remedies requirement under the Prison Litigation Reform Act of 1995 (the "PLRA"). 42 U.S.C. § 1997e et seq.

Plaintiff acknowledges that her claim arose while she was confined in the WCDOC facility and that the facility has a grievance procedure. (Amended Complaint IV.A. & B.) She further acknowledges that she did not file a grievance, but denies knowing whether the grievance procedure covers some or all of her claims. (Id. IV.C., D. & E.)

The PLRA was enacted in an effort to address the large number of prisoner complaints filed in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002) (The PLRA is intended to "reduce the quantity and improve the quality of prisoner suits.") The PLRA does not itself create any substantive rights but "claims covered by the PLRA are typically brought under 42 U.S.C. § 1983 . . . ." Jones v. Bock, ___ U.S.___, 127 S.Ct. 910, 919 (2007). Under the provisions of the PLRA, "[n]o action shall be brought with respect to prison conditions under [section 1983], or any other Federal law, by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). The exhaustion requirement is intended to afford "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter, 534 U.S. at 524-25. The Supreme Court has made clear that "the PLRA's exhaustion requirement applies to all inmate suits about prison life . . . ." Id. at 532. Within the Second Circuit, failure to

exhaust administrative remedies is an affirmative defense and the defendant therefore bears the burden of proving that claims have not been exhausted. See Jenkins v. Haubert, 179 F.3d 19, 28-29 (2d Cir. 1999). Where a complaint contains claims which are exhausted and claims which have not been properly exhausted, the Court must dismiss only the unexhausted claims and not the complaint in its entirety. Bock, 127 S.Ct. at 924.

In Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004), the Second Circuit summarized its holdings in a series of cases as requiring that a three-part inquiry be undertaken when a prisoner counters a defendant's argument that he or she failed to exhaust. First, the court considers whether administrative remedies were "available" to the prisoner. Id. (citing Abney v. McGinnis, 380 F.3d 663 (2d Cir. 2004)). Second, the court inquires whether the defendants failed to preserve a non-exhaustion argument by failing to raise the issue or preserve it. Hemphill, 380 F.3d at 868 (citing Johnson v. Testman, 380 F.3d 691 (2d Cir. 2004)). Third, the court looks to whether the defendant's own actions inhibited the inmate's exhaustion of remedies, and if so, whether the actions estopped one or more defendant from raising non-exhaustion. Hemphill, 380 F.3d at 868 (citing Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004)). If, after considering these three questions, the court finds that administrative remedies were available to the plaintiff, and that defendants are not estopped and have not forfeited their non-exhaustion claims, but that the plaintiff still failed to exhaust, the court considers whether plaintiff plausibly alleges "special circumstances" that justify the prisoner's failure to comply with the exhaustion requirements. Id.

Here, on this motion to dismiss, the defendants have not cited to the relevant grievance procedures or shown that they were available to plaintiff. WCDOC operates county, not state, facilities, and it is not self-evident that the grievance mechanisms available to prisoners

in state facilities were available to this plaintiff. N.Y. Correction Law § 139; 7 N.Y. Code R. & Reg. ("NYCRR") § 701.5. Nor is it appropriate to decide the third prong of the exhaustion analysis or engage in the "special circumstance" inquiry in this particular case on a motion to dismiss. The motion to dismiss on exhaustion grounds is denied.

## II.

### A.

Plaintiff alleges that when she came to WCDOC in May 2005, she was experiencing stomach pain. She was having difficulty swallowing and digesting and experienced pain and vomiting. (Amended Complaint II.) She alleges that the "officer on duty" was "supposed to be a liaison" with the medical staff but "knowingly and deliberately kept me from obtaining medical treatment despite the fact that I constantly complained of the same symp[toms]." Id. She also alleges that various John and Jane Doe officers were told of her pain and "refused to acknowledge and exercise their authority in being able to contact and alert medical staff as to my condition." Id.

There are no allegations specific to Anthony Amicucci, "Warden" of WCDOC or John O'Neil, "Assistant Warden Female Division" of WCDOC.

### B.

On a motion to dismiss, a court must accept the allegations of the complaint as true and draw all reasonable inferences in the non-movant's favor. See Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007). Pro se pleadings are to be given a liberal and generous construction and are to be read to "raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

Rule 8(a)(2), Fed. R. Civ. P., requires only "'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (alteration in Twombly). When a defendant tests the sufficiency of a complaint by a motion under Rule 12(b)(6), Fed. R. Civ. P., "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, 493 F.3d at 98 (quoting Twombly, 127 S. Ct. at 1965). The complaint is measured against a flexible "plausibility standard," which obligates the "pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal, 490 F.3d at 157-58. This "does not require heightened fact pleading of specifics," In re Elevator Antitrust Litig., __ F.3d __, 2007 WL 2471805, at *2 (2d Cir. Sept. 4, 2007); see Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007); however, it does "require enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible.'" Elevator Antitrust Litig., 2007 WL 2471805, at *2 (quoting Twombly, 127 S. Ct. at 1974) (alteration in Elevator Antitrust Litig.).

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). "The personal involvement of a supervisor may be established by showing that he (1) directly participated in the violation, (2) failed to remedy the violation after being informed of it by report or appeal, (3) created a policy or custom under which the violation occurred, (4) was grossly negligent in supervising subordinates who committed the violation, or (5) was deliberately indifferent to the rights of others by failing to act on information that constitutional rights were being violated." Iqbal, 490 F.3d at 152-53 (citing

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). Liability may not be anchored in a theory of respondeat superior. Hemmings v. Gorczyk, 134 F.3d 104, 109 n.4 (2d Cir. 1998) (per curiam). "The bare fact that [a defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [a] claim." Colon, 58 F.3d at 874.

There are no allegations in the Amended Complaint of any conduct of defendants Amicucci or O'Neil that would give rise to personal liability on their part. They can not be held liable merely because they were supervisors or occupied a high position. Their motion to dismiss is granted. I need not reach whether the amended complaint otherwise states a claim for relief against the John and Jane Doe defendants who have not been served or whether the qualified immunity would be available to any defendant.

III.

Plaintiff asserts claims against WCDOC, the Mental Health Department of Westchester County Department of Corrections and the Medical Department Westchester County Department of Corrections. Putting aside the separate issue of whether these departments of the County are entities capable of being separately sued, no facts have been alleged which would give rise to governmental liability under section 1983.
A municipality or county government can only be sued directly under section 1983 where the alleged constitutional violation "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or results from an unofficial governmental custom. Monell v. Dept. of Soc. Serv., 436 U.S. 658, 690-91 (1978); see Reynolds v. Giuliani, 506 F.3d 183 (2d Cir. 2007). Conclusory allegations of municipal liability will not suffice to defeat a motion for summary judgment on a Monell claim. A respondeat superior theory of liability is insufficient to support Martino's federal claims

against the City.  See Monell, 436 U.S. at 691 ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").

Chief Judge Wood's Order pointed plaintiff to the required elements of a Monell-type claim. The amended complaint fails to allege a claim against the County or any of its departments and they are dismissed.

IV.

The action was commenced on October 17, 2006.  None of the John or Jane Doe defendants have been served in this case.  Rule 4(m), Fed. R. Civ. P., provides in relevant part that,

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

I will dismiss this action in its entirety unless by February 15, 2008, plaintiff shows good cause for the failure to serve the defendants within 120 days and explains why an after-the-fact extension ought to be granted.  Plaintiff should address the extent of any prejudice to John and Jane Doe defendants from the late service.  Zapata v. City of New York, 502 F.3d 192 (2d Cir. 2007).  For reasons explained herein, I have not dismissed this action on exhaustion grounds.  However, the availability of an exhaustion defense may be relevant to whether this court should extend the time for service.  I will ask the plaintiff to address whether this is a relevant consideration and whether the exhaustion requirement would ultimately doom any

claims against the John and Jane Doe defendants.

V.

Defendants' motion to dismiss defendants Amicucci, O'Neil, Westchester County Department of Corrections, the Mental Health Department of Westchester County Department of Corrections and the Medical Department Westchester County Department of Corrections is GRANTED. Plaintiff shall show good cause by February 15, 2008 for the failure to serve the John Doe and Jane Doe defendants within 120 days after the filing of the complaint and explain why an after-the-fact extension ought to be granted and, failing that, the action will be dismissed in its entirety.

P. Kevin Castel
United States District Judge

Dated: New York, New York
January 15, 2008